# No. 23-12111

# In the United States Court of Appeals
## for the Eleventh Circuit

**JOHN CASTRO,**

*Plaintiff - Appellant,*

*v.*

**DONALD J. TRUMP,**

*Defendant - Appellee.*

APPEAL FORM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
ORIGINATING CIVIL CASE NO.: 23-CV-80015-AMC
Honorable Aileen M. Cannon, U.S. District Judge

───────────────────────────────────────

**APPELLANT'S REPLY BRIEF**

───────────────────────────────────────

Respectfully submitted:

John Anthony Castro
Appellant
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344

*Pro Se*

JOHN ANTHONY CASTRO,
    APPELLANT

No. 23-12111

*v.*

DONALD J. TRUMP,
    APPELLEE.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT PER 11TH CIR. R. 28-1(b)

The undersigned counsel of record hereby certifies that the following listed persons and entities as described in 11th Cir. R. 28-1(b) have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Cannon, Aileen M., United States District Judge.
2. Castro, John Anthony, Plaintiff/Appellant.
3. Halligan, Lindsey R., Counsel for Appellee.
4. Smith, Jack, Special Counsel.
5. Trump, Donald J., Defendant/Appellee.

                                        */s/ John Anthony Castro*
                                        John Anthony Castro

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT PER 11TH CIR. R. 28-1(b) .................................... C1

TABLE OF AUTHORITIES ............................................................................... ii

SUMMARY OF THE ARGUMENT .................................................................... 1

ARGUMENT ......................................................................................................... 1

    *Standing* ............................................................................................................ 1

    *Political Question* ........................................................................................... 3

    *Ripeness* ........................................................................................................... 4

    *Disqualification* ............................................................................................... 5

CONCLUSION ...................................................................................................... 6

CERTIFICATE OF COMPLIANCE .................................................................. 8

CERTIFICATE OF SERVICE ............................................................................. 9

# TABLE OF AUTHORITIES

**Constitution and Statutes**

U.S.Const. Amend. XII ...................................................................................4

U.S. Const Amend. XIV, § 3 ...........................................................................3

3 U.S.C. § 15 ...................................................................................................4

## SUMMARY OF THE ARGUMENT

Appellee would have this Court believe that simply because an issue is a matter of first impression and political in nature, it is automatically a nonjusticiable political question.

Appellee would also have this Court believe that because Trump was acquitted by the United State Senate, he cannot be civilly determined to have provided aid or comfort to the insurrection that occurred on January 6, 2021.

Lastly, Appellee would have this Court disregard the public uproar caused by Judge Aileen Cannon's unprecedented and unconstitutional intervention, as determined by this Court, in an ongoing criminal matter as having no bearing whatsoever with regard to the determination of whether the totality of circumstances evidences deep-seated favoritism toward Donald J. Trump and unequivocal hostility toward anyone politically opposed to him. Appellee would also have this Court disregard its own prior determination that any doubt whatsoever should favor disqualification.

## ARGUMENT

### *Standing*

Appellee makes a false equivalence between this case and Appellant's 2022 case against the Federal Election Commission. In that case, the Court determined

1

that Appellant lacked standing because the injury was traceable to Donald J. Trump and not the Federal Election Commission.

Appellee also makes a false equivalence between the status as a "candidate" and ballot access. Ballot access is not indicative of candidacy. For that reason, states permit individuals to file a single document with the chief elections officer indicating the individual intends to be a write-in candidate. Filing a declaration of write-in candidacy is a ministerial act; not a condition prerequisite to be formally recognized as a candidate. Any candidate is any position campaigning for votes in any way, shape, or form, including solely via social media. In today's modern age, campaigns can be almost entirely run digitally through various social media platforms that are the modern equivalent of yesteryears' newspapers, radio, and television.

To recognize the doctrine of political competitor standing does not produce a confrontation with any branch of government. Appellant is not asking anyone to be barred from running for public office. Appellant is asking that the qualifications for the Presidency of the United States as delineated in the United States Constitution be interpreted and applied to an individual seeking said office. This is no different than asking the Court to determine who is a natural born citizen, whether the 35 years of age requirement applies to the date of election or inauguration, or how the 14 year residency requirement is determined for someone partially absent for a number of years. This is a matter of constitutional interpretation; period.

Appellee cites to case law establishing that all factual assertions must be accepted as true for purposes of a motion to dismiss, but then makes factual arguments as to why Appellant's injuries are not traceable to Donald J. Trump. Those arguments must be reserved for trial and cannot be considered in this appeal.

*Political Question*

Appellee would have this Court believe that it should simply treat Section 3 of the 14th Amendment as unenforceable words on 155 year-old paper.

There are a number of cases that have interpreted the application and enforcement of Section 3 of the 14th Amendment to the United States Constitution. The Court's undertaking would not disrespect any other branch of government. In fact, the other branch's are looking to the federal judiciary for guidance as expressed by multiple Secretaries of State including New Hampshire Secretary of State David Scanlan and Arizona Secretary of State Adrian Fontes. There has also been no political determination on this matter that the Court should not question. Again, the Secretaries of State have all expressed favoritism toward deferring to the federal judiciary on this matter. As such, it is incumbent upon the federal judiciary to provide guidance. Not a single Secretary of State has made a determination on this matter. In fact, even those politically opposed to Donald J. Trump have indicated their preference to deferring to the courts on the matter. As such, there is quite simply no grounds to invoke the political question doctrine.

Appellee conflates a political trial with a criminal trial by referring Donald J. Trump's impeachment proceedings. Ironically, whether the evidence warranted a determination that Donald J. Trump was not guilty is the true definition of a nonjusticiable political question. Appellee then cites to a Third Circuit decision where, in dicta, the Court held that the lawsuit "seemed to present a non-justiciable political question" but the case was actually dismissed for "lack of standing." The Third Circuit expressed an unanalyzed opinion, which is quintessential non-binding dicta. The Robinson case was also dismissed for lack of standing with the Court expressing, in dicta, that there was a mechanism for challenging electoral votes in the 12th Amendment and 3 U.S.C. § 15. In the other cases cited by Appellee, the actions were attempting to remove a sitting President after the public had already made a political determination to elect him as President of the United States. That was, in fact, a valid application of the political question doctrine.

Appellee is grasping at straws with the political question doctrine.

*Ripeness*

Appellee argues that the case is not ripe because "Appellant is not a genuine candidate." However, Appellee does not provide any discernable standards as to what is a genuine candidate. Appellant has verified his intent to be on the New Hampshire ballot with a nominal fee of $1000 and ministerial filing of a declaration of candidacy. However, Appellant has already declared his candidacy under penalty

4

of perjury before the federal judiciary and the Federal Election Commission. Appellant has a robust campaign website and is actively campaigning on social media. Appellant has a campaign merchandise store.

Moreover, Appellant has been covered by the Associated Press, New York Times, Forbes, Newsweek, ABC, NBC, Fox News, Politico, The Hill, the Washington Post, the National Review, the Boston Globe, the Washington Examiner, Talking Points Memo, Christian Science Monitor, Conservative Brief, Red State, the Daily Caller, the Washington Times, and the Epoch Times.

Appellee would have this Court believe that because Donald J. Trump doesn't consider Appellant to be a candidate, he is not a candidate. However, the remainder of the country that has seen Appellant perpetually in the national media would disagree.

*Disqualification*

Appellee has no standing to argue for or against Judge Aileen Cannon's disqualification. Ironically, Appellee insistence that her refusal to self-disqualify was permissible is evidence of a corrupt legal strategy.

Appellee would have us believe that only a few politically charged commentators "called Judge Cannon corrupt." The criticism of Judge Aileen Cannon's unprecedented decision to intervene in the criminal investigation of Donald J. Trump was universal and bipartisan. Conservative and liberal legal

scholars condemned her actions as unconstitutional under the separation of powers doctrine, and even this Court had to intervene to confirm said criticism by reversing her decision as both an abuse of discretion and unconstitutional.  What the entire general public witnessed other than Appellee is a federal judge weaponizing and fully leveraging the power of her office to obstruct an ongoing criminal investigation.  If that does not give rise to a reasonable question of impartiality warranting disqualification, Appellant fears for the future of the federal judiciary.

## CONCLUSION

We must guard against the natural impulses we, as emotional human beings, have to unconstitutionally defend our friends and unlawfully punish our enemies.  The federal judiciary must guard its independence.  If January 6, 2021, taught us anything, it is that our Republic is delicate and fragile.  It can fall if we are not diligent in defending her.  For that reason, this Court previously and correctly held that any doubt should favor recusal, and Appellant prays for the sake of the federal judiciary that this Court does not deviate from that ruling.

Respectfully submitted,

Dated: September 20, 2023                By: */s/ John Anthony Castro*

                                                     John Anthony Castro
                                                     12 Park Place
                                                     Mansfield, TX  76063
                                                     Tel. (202) 594 – 4344
                                                     J.Castro@CastroAndCo.com

*Appellant Pro Se*

## CERTIFICATE OF COMPLIANCE

1. I certify that this filing complies with the type-volume limitations of the Fed. R. App. P. 32(a)(7)(B) because, excluding the parts exempted by the Fed. R. App. P. 32(f), the Brief contains 1,286 words.

2. I also certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: September 20, 2023                */s/ John Anthony Castro*
                                         John Anthony Castro
                                         12 Park Place
                                         Mansfield, TX  76063
                                         Tel. (202) 594 – 4344
                                         J.Castro@JohnCastro.com

                                         Appellant *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, a true and accurate copy of the foregoing Brief was electronically filed. It is further certified that all other parties are CM/ECF users and that service of this motion was made on Appellee via CM/ECF.

Dated: September 20, 2023          */s/ John Anthony Castro*
                                   John Anthony Castro
                                   12 Park Place
                                   Mansfield, TX  76063
                                   Tel. (202) 594 – 4344
                                   J.Castro@JohnCastro.com

                                   Appellant *Pro Se*

9